UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. MAGNUSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-02653 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Defendant concedes that the ALJ committed reversible error and moves to remand this case for further proceedings. (ECF No. 24.) Plaintiff opposes the motion, arguing that the proper remedy is the reinstatement of benefits or, alternatively, a narrowly tailored remand. (ECF No. 25.) For the reasons discussed below, the court will recommend that plaintiff's motion for summary judgment be granted and this matter remanded for further proceedings on disputed issues.

BACKGROUND

On September 1, 2012, when he was 45 years old, plaintiff – who had worked as an electrician, truck driver, roofer, and licensed contractor – was in a head-on automobile crash

when the truck in which he was a restrained passenger was hit on the passenger side. He suffered traumatic brain injury and a fractured pelvis, among other injuries. Administrative Transcript ("AT") 43-46, 313, 345. Plaintiff was unresponsive at the scene and transported to the emergency room, where he was intubated and discovered to have a left thalamic brain bleed. AT 345-347. The next day, plaintiff underwent brain surgery to insert a right frontal and intercranial pressure monitor. AT 366. Days later, he underwent surgery for his fractured pelvis. AT 363. On September 28, 2012, plaintiff began acute inpatient rehabilitation that included physical therapy, occupational therapy, and speech therapy. AT 313-317, 345. On October 10, 2012, plaintiff was discharged home with instructions to be supervised 24 hours a day and use a prescribed walker. AT 313-314, 474, 715-716. Over the next two years, plaintiff received extensive medical treatment related to his traumatic brain injury.

Plaintiff applied on April 18, 2013 for disability and disability insurance benefits, alleging disability beginning September 21, 2012. See AT 14. In a decision dated April 16, 2015, the ALJ determined that plaintiff was not disabled[1] at any time from September 21, 2012 through

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

December 31, 2013, the date last insured. AT 31. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 12, 2012 through his date last insured of December 31, 2013.
>
> 3. Through the date last insured, the claimant had the following severe impairments: traumatic brain injury post motor vehicle accident; status post pelvic and right fibular fractures; history of degenerative disc disease of the cervical spine; sleep apnea syndrome; right knee meniscal tear; depression; narcotic addiction in remission.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work in that he can lift and carry twenty pounds occasionally and ten pounds frequently; he can sit for six hours of an eight hour day with normal breaks; he can stand and walk for up to six hours of an eight hour day with normal breaks except he can never climb ladders, ropes or scaffolds; he can occasionally balance, bend, climb ramps/stairs, crawl, crouch, kneel and stoop; he must avoid even moderate exposure to hazards (dangerous machinery, unprotected heights, etc.). He is able to perform simple and detailed tasks that are repetitive. He should avoid doing complex tasks. He is able to maintain concentration, persistence and pace as it pertains to simple tasks and routine detailed tasks. <u>He can perform low stress non-competitive type jobs.</u> Interactions with supervisors, co-workers and the public can be done on a frequent basis.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work.

---

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

7. The claimant was born on April 7, 1967 and was 46 years old, which is defined as a younger individual age 18-49, on the date last insured.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is not 'not disabled,' whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.[2]

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 21, 2012, the alleged onset date, through December 31, 2013, the date last insured.

AT 16-32 (emphasis added).

The ALJ summarized her findings and conclusions with respect to the RFC analysis, writing in part:

> The record demonstrates the claimant's allegations are partially supported – he has clearly suffered severe injuries from a motor vehicle accident that took him months to recover from, on a steady course of multiple modalities of treatment, including narcotics for pain control. He continues to experience some level of chronic cognitive limitations in executive and memory functioning, psychiatric testing indicating a mild cognitive impairment. He demonstrates occasional findings of memory loss, rambling tangential conversation, depression or irritability. He must sleep with a CPAP unit to control his sleep apnea. As well, his complaints of physical and mental symptoms to treating sources along with long-term speech and cognitive therapy treatment support his severe impairments.
>
> However . . . the weight of the evidence demonstrates his allegations are out of proportion to the objective findings and testings as well as imageries. It shows his underlying symptoms are well controlled with treatment, and that he still has the capacity to perform a wide range of unskilled, detailed work that is repetitive, routine, <u>non-competitive</u>, and low stress.

---

[2] The ALJ found that plaintiff could perform unskilled light exertional work as a marker, a housecleaner, or a car wash attendant: jobs which she characterized as "less competitive" than others, though competitive "to a degree." AT 31.

AT 27-28 (emphasis added).

ISSUE PRESENTED

In his motion for summary judgment, plaintiff alleges four separate errors by the Commissioner in upholding the ALJ's decision:

> 1. The Commissioner denied plaintiff's claim despite the ALJ's affirmative finding that plaintiff's RFC limits him to "non-competitive" work;
>
> 2. The ALJ erred at step five by posing an incomplete hypothetical question to the vocational expert ("VE"), whose testimony the ALJ relied on in finding plaintiff could perform available work;
>
> 3. The ALJ erred at step five due to an unexplained conflict between the VE's testimony and the Dictionary of Occupational Titles; and
>
> 4. The ALJ's decision was not supported by substantial evidence in light of plaintiff's submission to the Appeals Council of additional medical evidence and opinions from neuropsychologist M. Melanie Sapienza, Ph.D.

(ECF No. 21; ECF No. 25 at 2.)

In her motion for remand, the Commissioner "concedes her final decision was not supported by substantial evidence and judgment for Plaintiff is appropriate." (ECF No. 24 at 3.)

LEGAL STANDARDS

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

ANALYSIS

Plaintiff argues that because the ALJ explicitly found plaintiff limited to "non-competitive work," there is no reasonable dispute that he is disabled, thus he is entitled to an award of benefits. (ECF No. 25.) Both parties agree that "competitive" is a term of art in the agency's regulations, which distinguish competitive work from work performed in structured or sheltered settings. See, e.g., Social Security Ruling ("SSR") 96-8p (setting forth "[w]ork-related mental activities generally required by competitive, remunerative work"); 20 C.F.R. § 404.157 (work done under special conditions may not constitute substantial gainful activity). (See ECF Nos. 24 at 5, n.1 & 25 at 3.)

When the VE stated that certain light jobs – marker[3], housecleaner, and car wash attendant – would be available to plaintiff under a given hypothetical, plaintiff's attorney asked "if all these jobs aren't a certain kind of competitive." AT 70. The VE replied:

> A: Well, and if you can [inaudible] define competitive because, yeah, there – there's going to be a quota for people who clean rooms . . . they have to do so many rooms . . . [As to] car washer, depends on how fast the cars can come through the machine[.]
>
> . . .
>
> Q: There's probably bosses in the house cleaning and marker industry that make sure you're keeping up with the other workers and –
>
> A: No, [in] my opinion there's really no job that doesn't have some degree of that because that's how business operates anymore, but compare it to a fast-foods worker, you can see the drive is a lot more, obvious –
>
> Q: All right.

---

[3] Per the VE, "[a] marker is a person that marks and affixes price tags to merchandise." AT 69.

> A. – or an assembly line worker. So I try to stay away from those. Parking lot attendant would be more. Got to run and get that car. Or a screw driver operator. . . . So that's about the best I can do.
>
> Q: Okay. Good. Thank you.

AT 70-71.

As noted above, the ALJ repeatedly found that plaintiff was limited to "non-competitive" work, but it is not clear how she meant that term or how it related to the VE's testimony that the jobs of marker, housecleaner, and car wash attendant were "less competitive" than other types of work. See AT 31. In fact, the ALJ found plaintiff able to perform these jobs during the alleged period of disability. Id.

Plaintiff argues that the ALJ's finding that plaintiff was limited to non-competitive work is tantamount to a finding of disability which should not be reconsidered in further proceedings. (ECF No. 25 at 5.) However, an ALJ's finding that a claimant is limited to "non-competitive work" is not necessarily equivalent to a finding of disability. See Braswell v. Berryhill, 2017 WL 1198507 (E.D. Cal. March 31, 2017) (noting ALJ's finding that claimant could do "simple repetitive tasks in a non-competitive work environment" and concluding that ALJ's finding that claimant could work as a cleaner was supported by substantial evidence). Defendant argues that in reassessing plaintiff's RFC, "the ALJ would need to reconsider whether jobs exist in significant numbers that Plaintiff could perform, including obtaining additional vocational expert testimony if appropriate." (ECF No. 24 at 6.)

Having reviewed the record, the undersigned agrees that further testimony by a vocational expert is needed. Moreover, any remand proceeding should consider evidence of neuropsychological treatment plaintiff received following the ALJ hearing in October 2014. Neuropsychologist Dr. M. Melanie Sapienza's 23-page report on plaintiff's medical history and functional abilities was submitted to the Appeals Council along with plaintiff's request for review of the ALJ decision, which was denied.[4] AT 2. (See ECF No. 21 at 17.) Dr. Sapienza based her

---

[4] While Dr. Sapienza's findings were not made part of the administrative record in this action, plaintiff filed them as an attachment to his motion for summary judgment. (ECF No. 21-1.)

7

assessment in part on medical evidence from the alleged period of disability, and it thus appears relevant to the RFC analysis. See ECF No. 24 at 5 ("[O]n remand, Plaintiff would be permitted to submit any additional evidence that he believes is relevant to his case.").

The issues raised on appeal concern the ALJ's step five determination. Thus, on remand, the ALJ will consider the medical records from Dr. Sapienza, which plaintiff previously submitted to the Appeals Council and filed with the court in this action; redetermine plaintiff's RFC in light of the medical evidence in the record, including Dr. Sapienza's report; and obtain supplemental testimony from a vocational expert that is based on all plaintiff's assessed limitations.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21) is granted;

2. The Commissioner's decision is reversed;

3. Defendant's motion for remand (ECF No. 24) is granted in part and denied in part;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: November 1, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/.ssi.fr