UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT A. MAGNUSON,

Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

Defendant.

No. 2:16-cv-2653 CKD

ORDER

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. (ECF No. 28.) Defendant has filed an opposition. (ECF No. 30.) Plaintiff seeks fees in the amount of $9,959.57.

Defendant, who agreed to remand this case for further proceedings after plaintiff moved for summary judgment, does not dispute that plaintiff was the prevailing party under sentence four of 42 U.S.C. § 405(g). Defendant also does not dispute that plaintiff is entitled to $8,854.93 of the requested fees.

At issue is the remaining $1,104.64 of the requested fees[1], incurred by plaintiff in opposing defendant's motion to remand this case pursuant to sentence four of § 405(g). (See ECF

---

[1] This is the amount billed for plaintiff's counsel's activities on September 6, 2017, described as analyzing the government's motion for remand and drafting an opposition. (ECF No. 29-2.)

1

Nos. 24 & 25.)

A. <u>Substantial Justification</u>

Prior to defendant filing the motion for remand on September 1, 2017, the parties engaged in lengthy discussions about a possible stipulation to remand the case. (<u>See</u> ECF No. 29-2.) Defendant's position was that the case should be remanded for the ALJ's decision to be vacated and plaintiff's claim considered anew. (<u>See</u> ECF No. 24 at 6.) However, plaintiff declined to "consent to order authorizing Commissioner to vacate prior unchallenged findings." (<u>See</u> ECF No. 29-2.) Plaintiff was willing to stipulate to some further development of the record, including medical evidence from Dr. Sapienza and supplemental testimony from a vocational expert. (<u>See</u> ECF No. 25-1.) When the parties could not agree to a stipulation, plaintiff filed an opposition to defendant's motion, seeking an award of benefits and, alternatively, a remand limited to "correcting the issues raised in this appeal only." (ECF No. 25 at 1.)

Defendant's motion for remand was granted in part and denied in part as follows:

> The issues raised on appeal concern the ALJ's step five determination. Thus, on remand, the ALJ will consider the medical records from Dr. Sapienza . . . ; redetermine plaintiff's RFC in light of the medical evidence in the record, including Dr. Sapienza's report; and obtain supplemental testimony from a vocational expert that is based on all plaintiff's assessed limitations.

(ECF No. 26 at 8.) The court agreed with defendant that (1) a remand for payment of benefits was not warranted, and (2) plaintiff's RFC should be reassessed after additional medical evidence was considered. The court stopped short of vacating the ALJ's entire decision as defendant requested, but ordered supplemental VE testimony as proposed by plaintiff. (ECF No. 26.)

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four for further development of the record by order of the court on plaintiff's motion for summary judgment and defendant's motion to remand. (ECF No.

26.) The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

For the foregoing reasons, the court finds that the government's position in its motion to remand was substantially justified, such that no award of fees will be made for the time spent opposing that motion.

B. Reasonable Fee

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Having reviewed the plaintiff's invoice, the court concludes that the hours expended and hourly rate were reasonable, with counsel's efforts resulting in a grant of summary judgment. The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521

(2010).

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $8,854.93.

Dated: March 7, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / magnuson2653.eaja