1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT A. MAGNUSON,                          No.  2:16-cv-02653 CKD

12                  Plaintiff,

13          v.                                     AMENDED ORDER

14    ANDREW SAUL, Commissioner of Social
      Security,
15
                    Defendant.
16

17

18          Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19    award of attorney fees in the net amount of $15,500.00 for 51.44 hours of professional time

20    devoted to the representation of plaintiff before this court.  Defendant filed a response.  (ECF No.

21    33.)  On September 22, 2020, the undersigned issued an order granting plaintiff's motion for

22    attorney fees.  (ECF No. 35.)  Plaintiff filed a motion to amend the order pursuant to Rule 60(a)

23    of the Federal Rules of Civil Procedure, citing a clerical mistake in the court's calculation of fees.

24    (ECF No. 36.)  As plaintiff's motion has merit, the court will grant it herein and issue this

25    amended order.

26          42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

27                  Whenever a court renders a judgment favorable to a claimant under
                    this subchapter who was represented before the court by an attorney,
28                  the court  may  determine  and  allow  as  part  of  its  judgment  a

                                                    1

1
2

> reasonable fee for such representation, not in excess of 25 percent of
> the total of the past-due benefits to which the claimant is entitled by
> reason of such judgment.

3   Rather than being paid by the government, fees under the Social Security Act are awarded out of

4   the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

5   receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

6   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

7   must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

8   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

9   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

10  agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

11  show that the fee sought is reasonable for the services rendered."  Id. at 807.

12      Counsel seeks fees for 51.44 hours.  The Court has considered the character of counsel's

13  representation and the good results achieved by counsel, which included an award entitling

14  plaintiff to $110,310.00 in past-due benefits.  (ECF No. 32-2 at 2.)  Counsel has submitted a

15  billing statement documenting a total of 51.44 attorney hours in 2016 and 2017.  (ECF No. 32-3.)

16  There is no indication that a reduction of the award is warranted due to any substandard

17  performance by plaintiff's counsel, as counsel secured a successful result.  There is also no

18  evidence that plaintiff's counsel engaged in any dilatory conduct resulting in delay.  Based on the

19  quality of counsel's representation and the results achieved in this case, the undersigned finds the

20  number of hours expended to be reasonable.

21      At issue is the dollar amount of fees to be awarded to plaintiff's counsel.  In his motion,

22  counsel seeks a "net" fee award of $15,500.00, "which includes a credit to plaintiff for the EAJA

23  fees previously awarded in the amount of $8,854.93."  (ECF No. 32 at 1).  On March 7, 2018, the

24  undersigned ordered that $8,854.93 be awarded to plaintiff pursuant to the Equal Access to

25  Justice Act (EAJA).  (ECF No. 31.)  The parties agree that plaintiff's counsel effectively seeks a

26  gross fee award of $24,378.51, representing roughly 22% of plaintiff's past due benefits of

27  $110,310.00, minus $8,854.93 in EAJA fees, for a net fee award of $15,500.00.  (See ECF No. 33

28  at 2; ECF No. 36 at 2, n.1.)

1   This is not the typical form of such requests, which usually seek the gross amount of

2   attorney fees with an EAJA offset to plaintiff.  Defendant persuasively argues that "[i]f the Court

3   finds that Counsel's request under § 406(b) is reasonable, it should award Counsel gross § 406(b)

4   fees, not net fees[,]" and order counsel to refund to plaintiff the $8,854.93 in EAJA fees.  (ECF

5   No. 33 at 4.)  See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  Accordingly, the undersigned

6   will grant plaintiff's motion for attorney fees but award the gross amount with an EAJA offset,

7   per its usual practice.

8   Accordingly, IT IS HEREBY ORDERED that:

9   1.  Plaintiff's motion to amend order granting award (ECF No. 36) is granted;

10   2.  The September 22, 2020 order granting attorney fees (ECF No. 35) is hereby

11   VACATED;

12   3.  Plaintiff's amended motion for attorney fees (ECF No. 32) is granted; and

13   4.  Plaintiff's counsel is awarded $24,378.51 in attorney fees pursuant to 28 U.S.C. § 406,

14   to be offset in the amount of $8,854.93 previously awarded under EAJA.  Plaintiff's

15   counsel shall reimburse plaintiff Scott Magnuson in the amount of $8,854.93.

16   Dated:  September 24, 2020

17   _____
    CAROLYN K. DELANEY
18   UNITED STATES MAGISTRATE JUDGE

22   2/magnuson2653.fee-406(a)_amend

3